*1201 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
LThe instant disciplinary proceeding arises from a motion and rule to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Kimberly Marie Richardson, for her alleged failure to comply with the conditions of probation imposed in In re: Richardson, 12-1213 (La.6/15/12), 90 So.3d 1032 (“Richardson I ”).
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record in Richardson I demonstrated that respondent signed the name of another attorney as notary on two affidavits. Following the institution of formal charges, respondent and the ODC submitted a joint petition for consent discipline, proposing that respondent be suspended from the practice of law for one year and one day, fully deferred, subject to a five-year period of probation to coincide with a recovery agreement with the Lawyers Assistance Program (“LAP”) because her misconduct was precipitated in large measure by the alcoholism from which she suffers. On June 15, 2012, this court accepted the petition for consent discipline in Richardson I. The court’s order stated in pertinent part as follows:
IT IS ORDERED that the Petition for Consent Discipline be accepted and that Kimberly Marie Richardson, Louisiana Bar Roll number 23552, be suspended from the practice of law for a period of one year and one day. It is further ordered that this suspension shall be deferred in its entirety and that respondent shall be placed on probation for a period of five years, subject to the conditions set forth in the petition for consent discipline. _[gAny failure of respondent to comply with the conditions of probation may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. [Emphasis added.]
Following the court’s ruling, respondent entered into a probation agreement providing that the period of probation would commence on the effective date of her LAP agreement, which was dated September 27, 2012. Upon respondent’s non-compliance with her LAP agreement in May 2013, the ODC filed a motion and rule to revoke her probation. However, the disciplinary board dismissed the motion, upon the ODC’s request, when respondent signed a new probation agreement and a new LAP agreement in December 2013.
DISCIPLINARY PROCEEDINGS

Motion and Rule to Revoke Probation

On February 20, 2014, the ODC filed the instant motion and rule to revoke respondent’s probation, alleging that she had failed to comply with the conditions of her probation in Richardson I. Essentially, the ODC alleged that respondent tested positive for alcohol use on January 15, 2014 and was, consequently, not in compliance with her LAP agreement. Accordingly, the ODC prayed for revocation of *1202 respondent’s probation and the imposition of the previously deferred one year and one day suspension.
Respondent did not file an answer to the motion and rule to revoke probation.

Hearing on Revocation of Probation

This matter proceeded to a hearing before an adjudicative panel of the disciplinary board on March 13, 2014. The ODC called two witnesses to testify before the board panel: Buddy Stockwell, LAP’S executive director, and Michael |3Wilson, the ODC Deputy Disciplinary Counsel who oversees probation monitoring.
Mr. Stockwell testified that, under respondent’s first LAP agreement, she missed 94 check-ins and four drug screens. Then in May 2013, she admitted to consuming alcohol. He was able to find a free inpatient treatment program for respondent, but she did not wish to stay in the treatment program and consumed alcohol while there, resulting in her expulsion. Respondent entered another free inpatient treatment program but did not complete same and did not have the money for an intensive outpatient program. As such, Mr. Stockwell gave her one more chance with a new LAP agreement, following which respondent missed all of her scheduled check-ins and drug screens until she finally admitted to consuming alcohol on February 4, 2014. Mr. Stockwell stated that, until respondent completes inpatient treatment, she will not be allowed back into the LAP program.
Mr. Wilson testified that respondent is not in compliance with her probation agreement by virtue of her failure to comply with her LAP agreement.

Disciplinary Board Recommendation

On March 24, 2014, the disciplinary board filed its report with this court, recommending that the ODC’s motion to revoke probation be granted.
The board found the testimony of Mr. Stockwell and Mr. Wilson to be credible. The board further found that the ODC’s additional evidence was sufficient to prove respondent was not in compliance with her LAP agreement or her probation agreement. Therefore, the board determined respondent has failed to comply with the court’s order in Richardson I.
Based on the above findings, a majority of the board recommended that the ODC’s motion to revoke respondent’s probation be granted and that the one year and one day suspension imposed in Richardson I be made executory. One board Rmember dissented and indicated that he would afford respondent another chance to complete an inpatient treatment program before her probation is revoked.
DISCUSSION
A review of the record reveals that respondent is not in compliance with her LAP agreement. The record further reveals that this is the second instance of non-compliance since respondent was ordered to participate in LAP in Richardson I. She has been given ample opportunity to address her alcoholism and receive treatment while still maintaining her law license, and she has continuously failed to comply. To protect the public, we find it is necessary to revoke her probation and impose the previously deferred suspension.
Accordingly, we will accept the disciplinary board’s recommendation and revoke respondent’s probation at this time, making the deferred one year and one day suspension immediately executory.
DECREE
For the reasons assigned, respondent’s probation is revoked and the previously deferred one year and one day suspension imposed in In re: Richardson, 12-1213 *1203 (La.6/15/12), 90 So.3d 1032, is hereby made immediately executory. All costs and expenses in the matter are assessed against respondent, Kimberly Marie Richardson, Louisiana Bar Roll number 23552, in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.